JOHN L. BURRIS, ESQ.   CSB#69888
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, CA  94621-1939
Tel: (510) 839-5200
Fax: (510) 839-3882
E/M: John.Burris@JohnBurrisLaw.com

Attorneys for Kwixaun Maloof (plaintiff)

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO--OAKLAND)

KWIXAUN MALOOF,

       Plaintiff,

vs

COUNTY OF ALAMEDA; R. JACKSON; and DOES 1 –15, inclusive,

       Defendants.

-----------------------------------------------/

CIVIL NO. C11-02014

COMPLAINT FOR DAMAGES (CIVIL RIGHTS VIOLATION)

**JURY TRIAL DEMANDED**

## JURISDICTION

1.    This action arises under Title 42 of the United States Code, Section 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Section 1331 and 1343. The Northern District is the proper venue in that all the acts complained of occurred in the County of Alameda, which is within this judicial district. Plaintiff requests the Court exercise jurisdiction over pendent state claims and causes of action under Title 28 of the United States Code, Section 1367. With respect to state

**COMPLAINT FOR DAMAGES (CIVIL RIGHTS—LAW ENFORCEMENT)**      1

causes of action, Plaintiff has filed suit within the time periods prescribed by California Government Code §§ 911.2 and 945.6. The requisite claim was filed on August 25, 2010, within six months of the incident underlying the claim and that claim was rejected on October 26, 2010. All administrative requirements precedent to bringing suit against these defendants and upon the causes of action set forth herein have been fulfilled.

PARTIES

2. Plaintiff KWIXUAN MALOOF is, and at the time of the incident related herein was, a natural person, a citizen of the United States, and a resident of the State of California.

3. Plaintiff alleges that COUNTY OF ALAMEDA is a governmental entity subject to suit pursuant to 42 U.S.C. § 1983 and Monell vs Dept. of Social Services, 436 U.S. 658 (1978). The Alameda County Sheriff is an official of the COUN TY OF ALAMEDA who supervises all personnel of the Alameda County Sheriff's Department, including the individually named defendants.

4. Defendant R. JACKSON and defendants named as DOE were at all times mentioned herein employed by defendant COUNTY OF ALAMEDA and the Alameda County Sheriff's Department and are sued in their official capacities as law enforcement officers for the COUNTY OF ALAMEDA. In engaging in the conduct described herein, while said defendants acted under the color of law in the course and scope of their employment, they exceeded the authority vested in them by the United States Constitution and by the COUNTY OF ALAMEDA.

5. Plaintiff is ignorant of the names and capacities, whether individual, corporate, associate, or otherwise, of defendants named herein, as DOES 1 through 15,

inclusive and therefore sues these defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages herein alleged were proximately caused by such defendants.

6. Plaintiff is informed and believe and hereon alleges that at all times mentioned, defendants, including those defendants sued as "DOE", and each of them, were the agents and employees of each of the other defendants, and in doing the things hereinafter alleged were acting within the scope of their authority as such agents and employees, and with the permission and consent of each other. The relationships between Defendants were and are created by agreement, by ratification, by ostensible authority or otherwise, and this Paragraph is not a limitation on the manner in which said relationships were created as a matter of fact or a matter of law.

## STATEMENT OF FACTS

7. Plaintiff hereby incorporates paragraphs 1 through 6 by reference, as though the allegations therein were realleged at length and in full.

8. This case involves egregious racial profiling, an unlawful search of plaintiff's vehicle and the unwarranted use of force upon the plaintiff, KWIXUAN MALOOF. On March 5, 2010 at approximately 10:15 p.m., was driving his car, a late model Mercedes convertible, in Castro Valley. Plaintiff lives in Castro Valley. While he was stopped at a traffic light on Castro Valley Boulevard, an Alameda County sheriff's deputy pulled up alongside him. The deputy looked at plaintiff and made two

U-turns to pull up behind MALOOF with his "flashers" on. Plaintiff pulled over to the side of the street and when the deputy approached asked why he was being pulled over. The deputy stated that he "heard a loud voice" coming from inside the car. Plaintiff was alone in the car.

9. MALOOF suspected that he was being stopped because he was black (racially "profiled") and took out his cell phone, camera enabled, to record the interaction with the deputy. The deputy immediately turned his flashlight to blind the camera. Mr. MALOOF's driver's license was in his suit jacket that was in the trunk of his car. When the deputy was given that information after requesting plaintiff's license he told plaintiff he intended to search the trunk. Plaintiff again asked if what he had done to be stopped and the deputy told him that he had not committed any traffic offense. When plaintiff told the deputy he was not consenting to a search of his trunk, he was told that another deputy was on the way.

10. Deputy R. JACKSON arrived shortly and after asking plaintiff to get out of his car, he noticed that plaintiff was still recording the interaction with his cell phone camera. He told plaintiff to put the camera away and, without even waiting for compliance, immediately placed plaintiff in handcuffs, confiscated plaintiff's phone and turned it off. Plaintiff was dumbfounded and again asked why he was being detained. Rather than answer him, the deputies put him in the back of one of the patrol cars, handcuffed. Another deputy and a sergeant arrived. After he was briefly removed from the patrol car and pat-searched, and without ever having asked him for his name or anything pertinent to the detention, the deputies searched plaintiff's trunk with the sergeant standing by. They ignored plaintiff's repeated advisory that they had no right or consent to search his trunk. During the search, and without

---

COMPLAINT FOR DAMAGES (CIVIL RIGHTS—LAW ENFORCEMENT)

4

interrupting the search, the deputies called in plaintiff's license plate and received confirmation that MALOOF was the registered owner of the car. They completed the ransacking of his trunk and ultimately released him at the scene with no charges.

11.     Plaintiff had not done anything justifying interference with his freedom to travel freely. The first deputy told him that he had not been stopped for any reason other than a purported "loud voice" coming from the car. He was stopped in his community, held in custody in the ostentatious presence of patrol cars with flashers activated. He was handcuffed and placed in the back of a patrol car where anyone could see him as a criminal suspect. His locked trunk was searched over his objection with no basis since he offered to retrieve his license. All these constitutional violations occurred when he was not under suspicion of committing an offense.

## DAMAGES

12.     Plaintiff MALOOF is the managing felony attorney with the San Francisco Public Defender's Office, and a visible member of his community. He is currently the president of the Charles Houston Bar Association, the largest association of African American lawyers in Northern California. As a proximate result of Defendants' conduct, and each of them, plaintiff suffered severe emotional distress, anxiety, embarrassment, and loss of his sense of security, dignity, and pride as an African-American as a result of the unlawful detention, use of force and public unlawful search of his property. Plaintiff understands this outrageous sequence of events to be racially motivated "profiling" and is additionally harmed by being treated as a criminal solely on the basis of his race.

13. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law and is therefore entitled to an award of all attorneys' fees incurred in relation to this action for violation of his civil rights.

FIRST CAUSE OF ACTION
Violation of 42 U.S.C. § 1983
(Defendants R. JACKSON and DOES 1 – 15, inclusive)

14. Plaintiff hereby incorporates paragraphs 1 through 13 by reference, as though fully set forth herein.

15. In doing the acts complained of herein, Defendants acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to the right not to be deprived of liberty without due process of law, the right to travel freely and the right to be free from unlawful seizure.

16. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered injuries and damages as set forth herein.

WHEREFORE, Plaintiff prays for relief as set forth herein.

SECOND CAUSE OF ACTION
Violation of 42 U.S.C. § 1983
(Defendant COUNTY OF ALAMEDA)

17. Plaintiff hereby incorporates paragraphs 1 through 16 by reference, as though fully set forth herein.

18. Defendant COUNTY OF ALAMEDA was, prior to the incident giving rise to this complaint, given notice of a pattern of ongoing constitutional violations and unlawful practices constituting racial "profiling", and likely continuance of same by the individually named sheriff's deputies and others. Said practices have resulted in, and continue to result in injury to citizens residing in the COUNTY OF ALAMEDA.

1  Despite this notice, defendant COUNTY OF ALAMEDA demonstrated deliberate indifference to this pattern of practices by failing to take necessary and appropriate measures to insure that said deputies did not continue to engage in such misconduct and that they reported such misconduct when it occurred. This lack of an adequate supervisorial or executive response by defendant COUNTY OF ALAMEDA demonstrates the existence of an informal custom or policy which tolerates the continued violation of civil rights of citizens by Alameda County sheriff's deputies acting under the color of law. The acts of the individual defendant deputies were foreseeable and proximate results of that indifference.

19. As a proximate result of Defendants' wrongful conduct, Plaintiff suffered injuries and damages as set forth herein.

WHEREFORE, Plaintiff prays for relief as set forth herein.

### THIRD CAUSE OF ACTION
California Civil Code §52.1(b)
(Defendants R. JACKSON and DOES 1-15, inclusive)

20. Plaintiff hereby incorporates paragraphs 1 through 19 by reference, as though fully set forth herein.

21. The conduct of Defendants, as described herein, interfered with Plaintiff's enjoyment of his rights under the constitution of the state of California, including his right to be free from violence or the threat of violence. Under the provisions of the Civil Code, Defendants are liable for exemplary damages and for twenty-five thousand dollars ($25,000) in addition thereto for each offense, and for the payment of plaintiff's attorney fees.

22 As a proximate result of Defendants' wrongful conduct, Plaintiff suffered violations of his constitutional rights and sustained damages.

---

**COMPLAINT FOR DAMAGES (CIVIL RIGHTS—LAW ENFORCEMENT)**   7

WHEREFORE, Plaintiff prays for relief as set forth herein.

## FOURTH CAUSE OF ACTION
Intentional Infliction of Emotional Distress
(Defendants R. JACKSON, and DOES 1-15, inclusive)

23. Plaintiff hereby incorporates paragraphs 1 through 22 by reference as though fully set forth.

24. Defendants knew, or had reason to know that their conduct would cause plaintiff severe emotional distress and it did in fact cause plaintiff extreme emotional and mental anguish and humiliation.

25. The aforementioned acts of the individual Defendants were willful, wanton, malicious and oppressive and undertaken with conscious disregard of the rights of Plaintiff entitling Plaintiff to exemplary and punitive damages in an amount appropriate to punish or set an example of Defendants for the public good.

26. Plaintiff has been required to retain counsel to redress the wrongful conduct by Defendants alleged herein and is consequently entitled to an award of reasonable attorney's fees.

WHEREFORE, Plaintiff prays relief and judgment as set forth herein.

## FIFTH CAUSE OF ACTION
False Imprisonment/Illegal Detention
(Defendants R. JACKSON, and DOES 1-15, inclusive)

27. Plaintiff hereby incorporates paragraphs 1 through 26 by reference as though fully set forth.

28. Defendants restrained Plaintiff, without just cause, when they placed him in handcuffs and placed him, against his will, in the rear of a patrol car while they conducted an unlawful search of his car.

**COMPLAINT FOR DAMAGES (CIVIL RIGHTS —LAW ENFORCEMENT)**    8

29.  The aforementioned acts of the individual Defendants were willful, wanton, malicious and oppressive and undertaken with conscious disregard of the rights of Plaintiff entitling Plaintiff to exemplary and punitive damages in an amount appropriate to punish or set an example of Defendants for the public good.

30.  Plaintiff has been required to retain counsel to redress the wrongful conduct by Defendants alleged herein and is consequently entitled to an award of reasonable attorney's fees.

WHEREFORE, Plaintiff prays relief and judgment as set forth herein.

### SIXTH CAUSE OF ACTION
Battery
**(Defendants R. JACKSON, and DOES 1-15, inclusive)**

31.  Plaintiff hereby incorporates paragraphs 1 through 30 by reference as though fully set forth.

32.  Defendants committed battery upon the person of Plaintiff MALOOF through their unwarranted use of force, placing him in handcuffs and moving him forcibly and against his will into the back of a patrol car. Plaintiff did not consent to this harmful touching of his person and this touching was not excused by circumstance or by law. This conduct caused Plaintiff emotional distress and humiliation.

33.  The aforementioned acts of the individual Defendants were willful, wanton, malicious and oppressive and undertaken with conscious disregard of the rights of Plaintiff entitling Plaintiff to exemplary and punitive damages in an amount appropriate to punish or set an example of Defendants for the public good.

34.  Plaintiff has been required to retain counsel to redress the wrongful conduct by Defendants alleged herein and is consequently entitled to an award of reasonable attorney's fees.

WHEREFORE, Plaintiff prays relief and judgment as set forth herein.

## JURY DEMAND

35. Plaintiff demands that a jury try this matter.

## PRAYER

WHEREFORE, plaintiff prays for relief as follows.

1. For special damages in an amount to be ascertained according to proof;

2. For general damages to be proven;

3. For statutory penalties;

4. For punitive damages against individually named defendants in an amount sufficient to punish their conduct and to set an example such that similar conduct is abated and/or deterred;

5. For reasonable attorney's fees;

6. For costs of suit incurred herein; and

7. For such other and further relief as the Court may deem just and proper.

Dated: April 25, 2011                LAW OFFICES OF JOHN L. BURRIS

By: _____
John L. Burris, Esq.
Attorneys for Kwixaun Maloof

COMPLAINT FOR DAMAGES (CIVIL RIGHTS—LAW ENFORCEMENT)